UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY DERAY BENN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER AQUILINE,<br><br>Defendant. | Case No. 23-cv-12479<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF NO. 13) OR TO SUA SPONTE DISMISS THE CASE**

## I. Introduction

Plaintiff Anthony Deray Benn, Jr., a pro se prisoner of the Michigan Department of Corrections, filed this civil rights action under 42 U.S.C. § 1983 against Defendant Alexander Aquiline. ECF No. 1. The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 19. Aquiline moves to dismiss the claims. ECF No. 13. The Court **RECOMMENDS** that his motion be **GRANTED** or that the case be sua sponte **DISMISSED**.

## II. Background

Benn alleges that Aquiline, a Farmington Hills police officer, pulled him over although he made no traffic violations. ECF No. 1, PageID.3, 5.[1] During the traffic stop, Aquiline performed a pat-down search and allegedly sexually assaulted Benn by reaching into his underwear and groping his genitals. *Id.* Benn filed a police report about the alleged assault, but no action was taken against Aquiline. *Id.*, PageID.4. Benn claims that Aquiline violated his Fourth, Fifth, Sixth, and Eighth Amendment rights. *Id.*, PageID.3.

During the pat-down search, Aquiline found a firearm concealed in Benn's underwear. ECF No. 13-2, PageID.51. Benn was charged in state court with carrying a concealed weapon (CCW) and was convicted and sentenced in early 2023. ECF No. 13-3, PageID.63. Benn was later charged in state court with filing a false police report that Aquiline sexually assaulted him. ECF No. 13-4, PageID.70. Trial on the false report charge took place on June 27, 2024, and Benn was found guilty; sentencing is

[1] The Court struck Benn's unauthorized pleadings but granted him leave to amend his complaint by May 30, 2024, warning him that his original complaint would be the operative one if he did not amend it. ECF No. 20; ECF No. 23. Because Benn did not file an amended complaint, the Court refers to his original complaint.

scheduled for September 10, 2024. *See People v. Anthony Deray Benn*, No. 2023-287376-FH, Oakland County Circuit Court.

Aquiline moves to dismiss the claims, arguing that the Court should abstain from hearing the case under *Younger v. Harris*, 401 U.S. 37 (1971), given the criminal proceedings pending in state court. ECF No. 13, PageID.39-40. The Court also ordered Benn to show cause why his claims would not be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 30. Benn did not respond.[2]

## III. Analysis

### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual

[2] The Court mailed the show cause order to Benn's address of record at the Charles E. Egeler Reception & Guidance Center (RGC) on June 28, 2024. On July 12, 2024, Benn filed a notice that his address changed to the Oakland County Jail. ECF No. 32. The show cause order mailed to RGC was returned to the Court as undeliverable on July 22, 2024. ECF No. 33. The Court then re-mailed the order to Benn's corrected address at the Oakland County Jail on July 23, 2024.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Although plausibility is usually assessed on the face of the complaint, a court may also consider "public records, items appearing in the record of

the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). And "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007); *see also Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). For the motion here, the Court has considered the registers of actions for Benn's criminal proceedings and the preliminary examination transcript on the CCW charge, all of which are public records.

**B.**

*Younger* abstention permits federal courts to "withhold authorized jurisdiction in certain circumstances to avoid undue interference with state court proceedings." *Hill v. Snyder*, 878 F.3d 193, 204 (6th Cir. 2017). The doctrine applies when there is a parallel, pending criminal proceeding in state court and three conditions are met: "(1) there must be on-going state judicial proceedings, (2) the proceedings must implicate an important state interest, and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Lawrence v. Pelton*, 413 F.

Supp. 3d 701, 709 (W.D. Mich. 2019). All three conditions are satisfied here.

First, Benn's criminal prosecution is pending in state court. Benn admitted in his complaint that he filed a police report about Aquiline's alleged sexual assault. In December 2023, Benn was charged in state court with filing a false report. ECF No. 13-4, PageID.71. He was found guilty, and sentencing is to take place on September 10, 2024. *See People v. Anthony Deray Benn*, No. 2023-287376-FH.[3] That case remains open. Although the state-court charges were filed after Benn filed his federal complaint, *Younger* still applies when no "proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). Court orders in this case have been limited to procedural issues; no substantive proceedings have taken place.

Second, a criminal prosecution in state court "unquestionably involves important state interests," and is "considered an arena in which federal courts decline to interfere." *Sanders v. Genesee Cnty.*, No. 20-cv-13014, 2021 WL 3207060, at *3 (E.D. Mich. July 29, 2021) (citing *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003)) (cleaned

[3] The Court last reviewed the register of actions through Oakland County's "Court Explorer" page on August 8, 2024. *See* https://courtexplorer.oakgov.com/oaklandcounty.

up). And Benn's allegations in this case underlie the false report charge brought against him in state court.

Third, Benn will have ample opportunity to litigate in the criminal proceedings the truthfulness of the allegations he made against Aquiline. Benn has made no argument to the contrary. He contends only that applying the *Younger* doctrine would mean that "everyone can file a criminal complaint to stop a lawsuit against them." ECF No. 25, PageID.181. But Benn ignores the fact that the false report charge was brought by the prosecutor's office and not by Aquiline. Thus, the Court should abstain from the matter and dismiss Benn's claims premised on the alleged sexual assault.

**C.**

Even if the proceedings on the false report charge conclude before Judge McMillion can rule on the abstention issue, sua sponte dismissal would be appropriate under the *Heck* doctrine. Benn has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. ECF No. 6. Under 28 U.S.C. § 1915(e)(2)(B), the Court has an obligation to screen suits where the plaintiff is proceeding in forma pauperis and to dismiss the action sua sponte if it fails to state a claim, is

frivolous, or seeks monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Under *Heck v. Humphrey*, a § 1983 suit that would render a conviction or sentence invalid requires proof that the conviction or sentence has been reversed, expunged, or declared invalid. 512 U.S. at 486-87. Under this doctrine, a plaintiff cannot bring an action "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Benn's claims that Aquiline sexually assaulted him during the traffic stop are based on the same allegations that gave rise to his criminal conviction for filing a false police report. ECF No. 1, PageID.3, 5; *People v. Anthony Deray Benn*, No. 2023-287376-FH. Thus, those constitutional claims implicate the validity of Benn's conviction for filing a false report. And there is no allegation that his conviction has been reversed, expunged, or declared invalid. Benn's claims against Aquiline based on the alleged sexual assault are barred under the *Heck* doctrine.

**D.**

Benn also appears to assert a Fourth Amendment claim that Aquiline lacked probable cause for the traffic stop, which is likewise barred under *Heck*. ECF No. 1, PageID.3, 5. A footnote in *Heck* states that a Fourth

Amendment claim for an unreasonable search or seizure is not barred even if it produced evidence resulting in a plaintiff's conviction. 512 U.S. at 487 n.7. The court reasoned that finding a search unconstitutional may not "*necessarily* imply that the plaintiff's conviction was unlawful," given the potential application of doctrines like inevitable discovery and harmless error. *Id.* But to assert a viable § 1983 claim, the plaintiff must allege that the search "caused him actual, compensable injury," which may *not* include "the 'injury' of being convicted and imprisoned." *Id.*

In interpreting this footnote, the Sixth Circuit rejected the notion "that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition" of bringing a § 1983 suit. *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In *Schilling*, the plaintiff challenged the constitutionality of officers' search of his car, which revealed suspected drugs. *Id.* at 1082-83. The plaintiff had pleaded guilty to driving under the influence of drugs, a conviction that had not been overturned. *Id.* The Sixth Circuit affirmed dismissal under the *Heck* doctrine, reasoning that since the plaintiff sought damages relating to his conviction, "no cause of action exists until [his] conviction is legally eliminated." *Id.* at 1086-87. Thus, under *Schilling*, a plaintiff must show an "actual, compensable injury" distinct from a conviction or sentence that was

caused by the unlawful search or seizure. *Bell v. Raby*, No. 99-72917, 2000 WL 356354, at *6 (E.D. Mich. Feb. 28, 2000); *see also Youngblood v. Wengrowski*, No. 2:23-cv-10079, 2023 WL 3212336, at *2 (E.D. Mich. May 2, 2023).[4]

Benn challenges the constitutionality of the traffic stop that led to the discovery of the firearm concealed in his underwear. That evidence, in turn, led to Benn's CCW conviction and sentence, which have not been overturned. *See* ECF No. 13-2, PageID.51. Because the complaint does not assert an injury distinct from the conviction and sentence, Benn's Fourth Amendment claim is barred under *Heck*.

---

[4] In a later unpublished opinion, a panel of the Sixth Circuit contradicted *Schilling* and said that courts must "assess on a case-by-case basis whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction." *Harper v. Jackson*, 293 F. App'x 389, 391-92 (6th Cir. 2008). The *Harper* court said that "*Heck* bars § 1983 Fourth Amendment claims where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion." *Id.* at 392. But *Schilling* controls because it was decided before *Harper* and because *Harper* is an unpublished opinion. *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (earlier published Sixth Circuit opinion controlled rather than later contradictory opinion published by another panel of the Sixth Circuit); *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003) ("[W]e are bound by the published opinions of previous panels, and this rule encompasses all parts of a prior ruling that are properly construed as holdings rather than dicta."); *Salamalekis v. Comm'r of Soc. Sec*., 221 F.3d 828, 833 (6th Cir. 2000) (finding Sixth Circuit opinion "not binding precedent because the opinion is unpublished.").

## IV. Conclusion

The Court thus **RECOMMENDS** that Aquiline's motion to dismiss be **GRANTED** (ECF No. 13), or that Benn's claims be sua sponte **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 12, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager